J-S15043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HAROLD V. HOSKINS | : | |
| | : | |
| Appellant | : | No. 1333 MDA 2022 |

Appeal from the PCRA Order Entered August 23, 2022
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001185-2005

BEFORE: BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED: AUGUST 15, 2023**

Harold Hoskins ("Hoskins") appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In 2007, Hoskins was convicted of multiple counts of attempted homicide and robbery, as well as related offenses. Following his conviction, Hoskins absconded until he was apprehended four years later in 2011. On April 7, 2011, the trial court sentenced Hoskins to an aggregate term of twenty-seven to sixty years of prison. Hoskins filed a post-sentence motion which the trial court denied. This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on April 25, 2012. ***See***

---

[1] ***See*** 42 Pa.C.S.A. 9541-9546.

*Commonwealth v. Hoskins*, 48 A.3d 485 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 53 A.3d 756 (Pa. 2012).

In November 2012, Hoskins filed a timely *pro se* PCRA petition, which the PCRA court ultimately dismissed. This Court affirmed the dismissal order, and our Supreme Court denied allowance of appeal. *See Commonwealth v. Hoskins*, 181 A.3d 437 (Pa. Super. 2017) (unpublished memorandum), *appeal denied*, 187 A.3d 209 (Pa. 2018).

On February 16, 2021, Hoskins mailed a *pro se* letter to the trial court judge wherein he apologized for absconding and requested that the judge forgive him for doing so and run his sentences for attempted homicide concurrently rather than consecutively. Hoskins additionally claimed that the trial court judge had notified him at sentencing that she saw "something wrong with my case. But you was [*sic*] not going to look at it at that time." *Pro Se* Letter, 2/16/21. Hoskins provided no further details. The court treated the *pro se* letter as a second PCRA petition.[2] The PCRA court appointed counsel, who filed a motion to withdraw from representation as well as a "no merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The

---

[2] *See* 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*.").

PCRA court thereafter granted counsel's petition to withdraw and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Therein, the PCRA court concluded that Hoskins' petition was untimely, that he failed to plead or prove any exception to the PCRA's one-year time bar, and that the court consequently lacked jurisdiction to address the petition. Hoskins responded to the Rule 907 notice by filing, without leave of court, an amended *pro se* PCRA petition. Therein, Hoskins did not acknowledge the untimeliness of his petition, nor did he attempt to plead or prove any exception to the PCRA's time bar. The PCRA court treated the *pro se* amended petition as a response to the Rule 907 notice. Nevertheless, the PCRA court determined that Hoskins' filing failed to set forth any basis to preclude dismissal. Accordingly, on August 23, 2022, the PCRA court entered an order dismissing the petition. Hoskins filed a timely notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925.[3]

Hoskins raises the following issue for our review:

> Did the sentencing court abused [*sic*] its discrecion [*sic*] imposed an illegal sentnece [*sic*] by sentencing consecutively separate impermissible and unlawful sentences for two offenses of criminal attempted homicide at counts 8 & 9, arising from a single criminal act, deriving from the same conduct that should hvae [*sic*] merge [*sic*] for sentencing in violation of 42 Pa.C.S.A. § 9765; double jeopardy, due process and equal protectioon [*sic*] under both the Pa. and U.S. Constitutions.

---

[3] In lieu of authoring a Rule 1925(a) opinion, the PCRA court referred this Court to its Rule 907 notice, which explained its rationale for dismissing Hoskins' petition pursuant to Rule 1925(a)(1). **See** Opinion, 10/6/22, at 2; **see also** Rule 907 Notice, 6/27/22, at 1-3.

Hoskins' Brief at 4 (unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition including a second or subsequent petition shall be filed within one year of the date the judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. ***See*** 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

- 4 -

Here, Hoskins' judgment of sentence became final on July 24, 2012, ninety days after our Supreme Court denied allowance of appeal, and he declined to petition the United States Supreme Court for a writ of *certiorari*. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* U.S.Sup.Ct.R. 13 (stating that an appellant must file petition for writ of *certiorari* with the United States Supreme Court within ninety days after entry of judgment by state court of last resort). Thus, Hoskins had until July 24, 2013, to file a timely PCRA petition. The instant petition, filed on February 16, 2021, was filed more than seven years after the judgment of sentence became final. Therefore, the instant petition is facially untimely under the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(3).

Pennsylvania courts may consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1), which provides:

**(b) Time for filing petition**.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 5 -

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id*. § 9545(b)(2). If the petition is untimely and the petitioner has not pleaded and proven a timeliness exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013).

In the instant matter, Hoskins failed to plead or prove any timeliness exception in either his *pro se* petition or his *pro se* amended petition. Thus, the PCRA court lacked jurisdiction to consider the merits of the petition. Accordingly, we affirm the order dismissing Hoskins' second *pro se* PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2023

- 6 -